UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY,<br><br>    Plaintiff<br><br>    vs.<br><br>MURPHY'S, INC d/b/a MURPHY'S BACKYARD BAR & GRILL, and JUDITH ANDEM,<br><br>    Defendants | CAUSE NO. 3:05-CV-765 RM |

MEMORANDUM AND ORDER

This declaratory action arises from an automobile collision involving vehicles driven by Judith Andem and Murphy's Backyard Bar & Grill patron Alan Evarts.[1] Penn-America Insurance Company filed a complaint on November 30, 2005 seeking declaratory relief regarding its obligations under the commercial liability policy issued to Murphy's. Penn-America now moves for summary judgment, and because the time provided for a response has lapsed, the motion is ripe for ruling. For the reasons that follow, the court grants Penn-America's motion.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding

---

[1] *See* Andem v. Evarts, et. al, filed in St. Joseph County Superior Court on September 8, 2005, civil cause number 71D06-0509-CT-00186.

whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the non-movant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events") (quoting Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

Because the facts set out by Penn-America in its summary judgment motion are uncontroverted by a response, they are assumed to be true. N.D. IND. R. 56.1; *see also* Flynn v. Sandahl, 58 F.3d 283, 288 (7th Cir. 1995) ( "the ... effect of a non-movant's failure to respond to a motion for summary judgment is that it constitutes an admission by the non-movant that there are no disputed issues of genuine fact"). The defendants' lack of response does not automatically render

summary judgment appropriate; Penn-America must still show itself to be entitled to judgment under the law. FED. R. CIV. P. 56. Penn-America has done so.

Penn-America says it owes no duty to defend or indemnify Murphy's in the underlying lawsuit pursuant to a liquor liability exclusion in the commercial liability policy. Determination of rights and obligations under an insurance policy are questions of law for the court. Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 873 (7th Cir. 2000). Indiana law governs Penn-America's duty to defend. Federal Ins. Co. v. Stroh Brewing Co.,127 F.3d 563, 566 (7th Cir. 1997). The duty to defend under Indiana law is much broader than the duty to indemnify, so the court looks first to the former duty to determine the scope of Penn-America's obligations. Walton v. First American Title Ins. Co.844 N.E.2d 143, 146 (Ind. App. 2006). To determine whether Penn-America owes a duty to defend Murphy's, the court focuses on the nature of Ms. Andem's claim: "[i]f the pleadings ... [reveal a claim] ... clearly excluded under the policy, ... no defense will be required." Trisler v. Indiana Ins. Co., 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991); Wayne Township Bd. of Sch. Comm'rs, 650 N.E.2d 1205, 1208 (Ind. App. 1996) (citation omitted); Federal Ins. Co. v. Stroh Brewing Co., 127 F.3d 563, 565 (7th Cir.1997)(applying Indiana law).

Ms. Andem's state court complaint alleges that Murphy's served Mr. Evarts alcoholic beverages when he was intoxicated, and as a result, she was injured when a vehicle operated by Mr. Evarts struck her. Count III states that Murphy's is liable for "negligently, recklessly, and/or intentionally serv[ing] or furnish[ing]

3

alcohol beverages to Defendant Alan Evarts with knowledge that he had become and was visibly intoxicated by alcohol" and that Murphy's is liable for violating IND. CODE § 7.1-5-10-15 by knowingly serving and furnishing alcoholic drinks to Mr. Evarts while he was visibly intoxicated.

Insurance contracts are subject to the same rules of interpretation as are other contracts: clear and unambiguous policy language should be given its plain and ordinary meaning. Allstate Ins. Co. v. Dana Corp., 759 N.E.2d 1049, 1053-1054 (Ind. 2001). A term is ambiguous if reasonable persons could "honestly differ as to the meaning of the policy language," Eli Lilly & Co. v. Home Ins. Co., 482 N.E.2d 467, 470 (Ind. 1985), or whenever the language has two or more reasonable meanings. Wood v. Allstate Ins. Co., 21 F.3d 741, 744 (7th Cir. 1994). The policy here is clear and unambiguous.[2] It provides that Penn-America will:

> [H]ave the right and duty to defendant the insured against any "suit" seeking [damages for bodily injury or property damage]. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply."

This insurance doesn't apply under the liquor liability exclusion to:

---

[2] Many courts have found similarly worded exclusions to be unambiguous. *See, e.g.,* Interstate Fire & Casualty Co., Inc. v. 1218 Wisconsin, Inc., 136 F.3d 830, 835 (D.C. Cir. 1998); Capitol Indem. Corp. v. Blazer, 51 F. Supp.2d 1080, 1089 (D. Nev. 1999); J.A.J., Inc. v. Aetna Casualty and Sur. Co., 529 A.2d 806, 808 (Me. 1987); Boudreaux v. Siarc, Inc., 714 So.2d 49, 52 (La. Ct. App. 1998); Paradigm Ins. Co. v. Texas Richmond Corp., 942 S.W.2d 645, 651 (Tex. App. 1997); Kovesdy v. Utica Fire Ins. Co., 695 N.E.2d 1165, 1168 (Oh. App. 1997); Hartford Acc. and Indem. Co. v. Taylor, 240 S.E.2d 575, 576 (Ga. App. 1977).

4

> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
> (1) Causing or contributing to the intoxication of any person; ...
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Count III alleges Murphy's negligently served alcohol to Mr. Evarts despite his visible intoxication, so it falls within the plain meaning of the exclusion for claims based upon the "causing or contributing to the intoxication of any person." *See, e.g.,* <u>Acceptance Ins. Co. v. Jedjo, Inc.</u>, 897 F. Supp. 978, 980 (S.D. Tex. 1995); <u>Kelly v. Painter</u>, 504 S.E.2d 171, 175 (W. Va. 1998); <u>Zurich Ins. Co. v. Uptowner Inns, Inc.</u>, 740 F. Supp. 404, 407 (S.D. W. Va. 1990). Count III also alleges Murphy's served Mr. Evarts alcohol, despite his visible intoxication, in violation of IND. CODE § 7.1-5-10-15. Because § 7.1-5-10-15 "statutorily allows for civil liability in certain situations when one furnishes alcohol to another who then causes an injury due to their intoxication," <u>Delta Tau Delta, Beta Alpha Chapter v. Johnson</u>, 712 N.E.2d 968, 974 (Ind. 1999), Ms. Andem's claim that Murphy's violated this statute also falls within the plain meaning of the exclusion for claims based upon violations of a "statute[]... relating to the sale, gift, distribution or use of alcoholic beverages." *See, e.g.,* <u>Zurich v. Uptowner Inns</u>, 740 F. Supp. at 407 (claim under West Virginia's Dram Shop Act found to be within the policy's alcohol exclusion for claims that the insured "violat[ed]...any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage"). The facts pleaded by Ms. Andem describe an event unambiguously excluded from the policy's coverage, so Penn-America has no duty to defend

5

Murphy's against her suit. Because Penn-America has no duty to defend Murphy's, there cannot arise a duty to indemnify following the resolution of the underlying suit. <u>United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.</u>, 953 F.2d 334, 338 (7th Cir. 1992).

For the foregoing reasons, the plaintiff's motion for summary judgment [Docket No. 7] is GRANTED. The court finds that as a matter of law, Penn-America has no duty to defend or indemnify Murphy's for any liability which may be imposed as a consequence of an adverse judgment obtained against it in the case of <u>Andem v. Evarts, et al.</u>, filed in the St. Joseph County Superior Court on September 8, 2005, civil cause number 71D06-0509-CT-00186.

SO ORDERED.

Entered:  July 7, 2006 

                                                /s/ Robert L. Miller, Jr.
                                               Chief Judge
                                               United States District Court